COLÓN, APPELLANT, *v.* REGISTRAR OF CAGUAS, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Possessory Title.

No. 420.—Decided June 27, 1919.

RECORD OF TITLE — POSSESSORY TITLE — TAXES — EXEMPTION. — The petitioner having acquired the property involved in the possessory title proceeding some thirteen days before his petition was filed, paragraph 2 of subdivision 4 of article 391 of the Mortgage Law, exempting the petitioner from exhibiting the tax receipt and requiring only that notice of the proceeding shall be served on the person from whom the property may have been acquired, is applicable, and that statute was duly complied with in this case.

ID.—ID.—ERASURES.—Mere alterations or erasures in the dates of the testimony of the witnesses or of the final decision, although not explained, will not of themselves void the proceeding, unless it be shown that they were made maliciously or without the knowledge of the court.

The facts are stated in the opinion.

*Mr. Rafael Arce* for the appellant.

The respondent did not appear.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

On April 15, 1919, the Municipal Court of Caguas approved a possessory title proceeding instituted by Joaquín Colón referring to a rural property of 7 acres in the ward

of Caguitas, Aguas Buenas, and ordered that it be recorded in the registry of property.

The record of the case having been presented in the Registry of Property of Caguas for that purpose, the registrar refused to record the title by the following decision of April 25, 1919:

"Because in this case the provisions of subdivision 4 of article 391 of the Mortgage Law have not been complied with, inasmuch as it is inferred from the certificates exhibited in the said proceeding that the taxes are paid as owners by persons distinct from the petitioner, or his grantors, and on properties of a greater area than the property involved in the proceeding, the document containing, therefore, a defect which prevents its being recorded; and also because in the record of the proceeding it appears that the dates of the examination of the witnesses were changed and that of the final decision was erased, and the changes and erasers are not explained according to law by the clerk of the municipal court  *   *   *."

This decision is submitted to our consideration in an appeal taken therefrom.

In the petition, dated November 23, 1917, Joaquín Colón stated that he had acquired the property of 7 acres by purchase from the spouses Patricio del Valle Vázquez and Francisca González Flores on November 10 of the same year, Patricio del Valle Vázquez having acquired 6 acres of the said property by purchase from Joaquín Cotto on August 19, 1916, and the other acre by purchase from Marcelina Vázquez Bruno on February 15, 1917.

The petitioner exhibited with his petition two certificates of the Treasurer of Porto Rico, one of them showing that from the assessment rolls of the municipality of Aguas Buenas for the fiscal year 1917–18 Marcelina Vázquez Bruno appears as paying the taxes on a property in the ward of Caguitas of the said municipality consisting of a rural property of 14 acres and a house, and the other certificate showing that from the same rolls and for the same fiscal year Joaquín Cotto Rodríguez appears as paying the taxes on a rural

property of 6 acres of land and a hut also in the said ward of Caguitas.

The said certificates do not show that the appellant, Joaquín Colón, paid the taxes on the rural property of 7 acres described in the proceeding. But the fact is that Colón acquired the said property from the spouses Patricio del Valle Vázquez and Francisca González Flores on November 10, 1917, or thirteen days before the proceeding was instituted; therefore paragraph 2 of subdivision 4 of article 391 of the Mortgage Law is applicable and it provides that "when no quarterly payment of taxes shall have been made owing to the fact that the acquisition had been recent, notice of the proceedings shall be served on the person from whom the real property may have been acquired, or on his heirs, in order that they may state whether they have any objection to the making of the record." Such notice was given not only to the spouses Patricio del Valle Vázquez and Francisca González Flores, but also to their predecessors in interest, Marcelina Vázquez Bruno and Joaquín Cotto Rodríguez, who were all summoned in the proceeding. The statute quoted was fully complied with.

Nor was it necessary for Colón to set out in the petition the names of the persons from whom his immediate grantors, Patricio del Valle Vázquez and Francisca González Flores, acquired the property, for paragraph 3 of subdivision 1 of the article cited requires only that the petitioner shall state the name and surname of the person from whom the property may have been acquired and not the names of other persons. The certificates were unnecessarily exhibited.

The second defect assigned by the registrar does not prevent the record from being made, for the alterations in the dates of the examination of the witnesses and the erasure of the date of the final decision, although not explained, do not of themselves void the said proceeding, because there is not the slightest indication that they were made maliciously or without the knowledge of the court. Besides, as to the era-

sure of the date of the final decision, April 15, 1919, it is to be noticed that on that same date and in his own handwriting the clerk canceled the internal revenue stamp for $3 affixed thereto in payment of the fees.

The decision must be

*Reversed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.